UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| **JASON E. PALM,** | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| v. | ) | CIVIL NO. 07-102-B-H |
| | ) | |
| **STATE OF MAINE**, ET AL., | ) | |
| | ) | |
| **DEFENDANTS** | ) | |

ORDER AFFIRMING THE RECOMMENDED DECISIONS
OF THE MAGISTRATE JUDGE

This lawsuit arises out of police conduct at the plaintiff's home in Fayette, Maine. The plaintiff was not present. According to the plaintiff, law enforcement personnel improperly surrounded the home while his wife and dogs were inside and demanded that his wife come out (apparently on the theory that she was armed and suicidal although the plaintiff maintains that they had no reasonable grounds for any such belief). Eventually the police shot many rounds into the home, causing damage. Neither the plaintiff's wife nor the dogs were injured physically.

All the defendants have moved to dismiss or for summary judgment, some of them as to all claims, and others as to only some claims. After *de novo* review, I **AFFIRM** and **ADOPT** the Magistrate Judge's two recommended decisions as follows.

I **GRANT** the motion to dismiss the defendants State of Maine and the Maine State Police on all Counts.  A state may not be sued in federal court because of the Eleventh Amendment to the Constitution.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); Hans v. Louisiana, 134 U.S. 1 (1890).  This immunity conferred by the Eleventh Amendment extends to certain state agencies and state officers (in their official capacity).  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459, 462–64 (1945); In re State of New York, 256 U.S. 490, 500–01 (1921).

I **GRANT** the motion to dismiss the defendants Craig A. Poulin (the former Maine State Police Chief), Lt. William A. Snedeker and Adam F. Kelley on all Counts.  The Second Amended Complaint has no allegations that any of these three were personally involved.  There is no automatic *respondeat superior* liability for these defendants in federal law, see City of Canton v. Harris, 489 U.S. 378, 385 (1989); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978), in Maine constitutional law, see Jenness v. Nickerson, 637 A.2d 1152, 1158 (Me. 1994) (stating the Maine Civil Rights Act was "patterned after 42 U.S.C. § 1983") (citation omitted); Smith v. Jackson, 463 F. Supp.2d 72, 81 (D. Me. 2006), or in Maine tort law, see Fournier v. Joyce, 753 F. Supp. 989, 992 (D. Me. 1990) (citing Miller v. Szelenyi, 546 A.2d 1013, 1021–22 (Me. 1988)), and the plaintiff has failed to plead the necessary involvement.  See, e.g., Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002); Hegarty v. Somerset County, 53 F.3d 1367, 1379–80 (1st Cir. 1995).

I **GRANT** the motion to dismiss the defendants Evert Fowle, Brad C. Grant, Darrick M. Banda and Patricia Kelley on all Counts. All these defendants are members of the Kennebec County District Attorney's Office. They have absolute immunity to damages for their criminal prosecutorial decisions. Imbler v. Pachtman, 424 U.S. 409 (1976); 14 M.R.S.A. § 8111(1)(D); see Dall v. Caron, 628 A.2d 117 (Me. 1993). The request for disbarment is a remedy for the appropriate state authorities, not this federal court.

I **GRANT** the motion to dismiss the defendant G. Steven Rowe, Maine Attorney General, on all Counts. The Maine Attorney General, in his official capacity, has immunity from claims for damages. See Will, 491 U.S. at 71. And in his individual capacity, the Second Amended Complaint fails to state a claim against the Maine Attorney General (and, as explained above, there is no *respondeat superior* liability).

I **GRANT** the motion to dismiss the defendants Kennebec County Sheriff's Office, Everett Flannery, Michael Durham and Jeffery Wrigley on the state law claims only (the plaintiff appears to believe that the defendants moved to dismiss the federal claims as well, but that is inaccurate) and for Messrs. Flannery, Durham and Wrigley only with respect to their official capacities. The reason is state law immunity under the Maine Tort Claims Act. 14 M.R.S.A. § 8103. I **ADOPT** the Magistrate Judge's finding that the Maine Tort Claims Act notice requirement was substantially satisfied. See Robinson v. Washington County, 529 A.2d 1357, 1359–60 (Me. 1987).

As a result, the following defendants remain in the lawsuit: Kennebec County Sheriff's Office, Everett Flannery, Michael Durham and Jeffery Wrigley. The remaining claims against them are all the federal claims and the state claims against Messrs. Flannery, Durham and Wrigley in their individual capacities.

No other claims or defendants remain.

**SO ORDERED.**

**DATED THIS 22ND DAY OF JANUARY, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

4